UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**GEORGE ROY BROWN, JR.**                                    CIVIL ACTION

**VERSUS**                                                   No. 18-9927

**BP EXPLORATION**                                           SECTION I
**& PRODUCTION INC., ET AL.**

## ORDER & REASONS

Before the Court is defendants BP Exploration & Production Inc. and BP America Production Company's (together, "BP") motion[1] for summary judgment. Plaintiff Roy Brown, Jr.'s ("Brown") response in opposition to BP's motion for summary judgment was due on July 2, 2019, but to date, no opposition has been filed.[2] Accordingly, the Court considers the motion unopposed. For the following reasons, the motion is granted.

### I.

On January 11, 2013, U.S. District Judge Carl J. Barbier approved the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement ("MSA"), which includes a Back-End Litigation Option ("BELO") permitting certain class members who follow procedures outlined in the MSA to sue BP for later-manifested physical conditions.[3]

---

[1] R. Doc. No. 27.
[2] The Local Civil Rules of this district require parties to file memoranda in opposition to motions no later than eight (8) days before the noticed submission date. LR 7.5. The submission date with respect to the instant motion is July 10, 2019. Accordingly, any opposition to the motion needed to be filed no later than July 2, 2019.
[3] R. Doc. No. 27-6, at 1–2 ¶¶ 1 & 3.

1

Individuals who worked as clean-up workers in response to the Deepwater Horizon oil spill are members of the class covered by the MSA.[4] A later-manifested physical condition, pursuant to the MSA, is a

> physical condition that is first diagnosed in a MEDICAL BENEFITS SETTLEMENT CLASS MEMBER after April 16, 2012, and which is claimed to have resulted from…exposure to oil, other hydrocarbons, or other substances released from the MC252 WELL and/or the *Deepwater Horizon* and its appurtenances, and/or exposure to dispersants and/or decontaminants used in connection with the RESPONSE ACTIVITIES, where such exposure occurred on or prior to . . . April 16, 2012 for CLEAN-UP WORKERS.[5]

This case arises from Brown's alleged exposure to oil and gas dispersants while he worked as a clean-up worker in response to the Deepwater Horizon oil spill.[6] Brown was diagnosed in July 2014 with chronic damage to his conjunctiva, chronic rhinosinusitis, reactive airways dysfunction syndrome, and chronic eczematous reaction; and in October 2015 with neurocognitive disorder with behavioral changes and specific learning disorder with impairment in reading.[7]

BP does not dispute that Brown was a clean-up worker after the oil spill and that he is a member of the class covered by the MSA.[8] BP also does not dispute that Brown's alleged conditions, diagnosed after April 16, 2012, fit within the MSA's definition of a later-manifested physical condition.[9]

---

[4] R. Doc. No. 27-6, at 1 ¶ 2.
[5] R. Doc. No. 27-1, at 4–5.
[6] R. Doc. No. 27-6, at 2 ¶¶ 5 & 7.
[7] R. Doc. No. 27-6, at 2 ¶ 6; R. Doc. No. 1, at 3 ¶ 12.
[8] *See* R. Doc. No. 27-6, at 2 ¶ 5; R. Doc. No. 1, at 3 ¶ 10.
[9] R. Doc. No. 27-6, at 2 ¶ 8.

Defendants move for summary judgment, however, arguing that Brown cannot prove legal causation.[10] Specifically, BP argues that Brown must prove that his alleged conditions were legally caused by his exposure to substances related to the Deepwater Horizon oil spill and that he will not be able to meet his burden of proof in a bench trial before this Court.[11]

**II.**

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, the court determines that there is no genuine dispute of material fact. *See* Fed. R. Civ. P. 56. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56, the nonmoving party must come forward with specific facts showing that there is a genuine dispute of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a

---

[10] R. Doc. No. 27-1, at 2.
[11] R. Doc. No. 27-1, at 5–6.

3

genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see also Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

"[A] district court has somewhat greater discretion to consider what weight it will accord the evidence in a bench trial than in a jury trial." *Matter of Placid Oil Co.*, 932 F.2d 394, 397 (5th Cir. 1991). "[W]here 'the evidentiary facts are not disputed, a court in a nonjury case may grant summary judgment if trial would not enhance its ability to draw inferences and conclusions.'" *Id.* (quoting *Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1124 (5th Cir. 1978)); *see also Manson Gulf, L.L.C. v. Modern Am. Recycling Serv., Inc.*, 878 F.3d 130, 134 (5th Cir. 2017).

### III.

Plaintiffs in BELO lawsuits, such as this case, do not need to prove BP's fault, but they do have to prove causation.[12] *See Piacun v. BP Expl. & Prod., Inc.*, No. 15-2963, 2016 WL 7187946, at *7 (E.D. La. Dec. 12, 2016) (Morgan, J.) ("This Court finds the [MSA] unambiguously requires that a BELO claimant demonstrate that *exposure* to oil and/or other substances legally caused his or her physical condition in order to receive compensation for a [later-manifested physical condition].").

---

[12] R. Doc. No. 27-2, at 16–17.

4

"Scientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain the plaintiffs' burden in a toxic tort case." *Seaman v. Seacor Marine, L.L.C.*, 326 F. App'x 721, 722 (5th Cir. 2009) (per curiam) (quoting *Allen v. Penn. Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996)). "[E]xpert testimony is thus required to establish causation." *Id.*

To date, Brown has not indicated that he has retained an expert who will testify on his behalf at trial, and he has not disclosed to BP any expert reports in compliance with this Court's June 12, 2019 deadline.[13] The only evidence before the Court with respect to Brown's medical condition and that relates to causation is a medical examination report performed by Dr. Dung Michael Tran at the East Jefferson Parish Family practice ("EJFP") health clinic on July 2, 2014.[14]

---

[13] *See* R. Doc. No. 27-1, at 2. Even if Brown had submitted an expert report, an expert report alone is not competent summary judgment evidence:

> "While it is true that Rule 26 [of the Federal Rules of Civil Procedure] does not provide an express requirement that a report be sworn, it does not alter Rule 56's requirement that evidence proffered in opposition to the motion for summary judgment must be sworn or declared under penalty of perjury, or the proponent must otherwise show that a statement could be reduced to admissible evidence at trial."

*Smith v. Palafox*, 728 F. App'x 270, 275 (5th Cir. 2018) (holding that an unsworn expert report was not competent summary judgment evidence).

[14] *See* R. Doc. No. 27-2. The Court notes that Dr. Tran was not Brown's treating physician, and, as stated in his report, Dr. Tran did not have a doctor-patient relationship with Brown. *Id.* at 10. The record also includes a mental health evaluation performed by neuropsychologist Larry Pollock, Ph.D. on October 28, 2015,

5

Essentially for reasons assigned by BP in its unopposed motion for summary judgment, the Court finds that Dr. Tran's report is not competent summary judgment evidence. Brown has failed to present a genuine issue of material fact or present any evidence that would support the fact that his injuries were caused by his alleged exposure to oil and dispersants while he worked in response to the spill.

**IV.**

For the foregoing reasons,

**IT IS ORDERED** that the motion for summary judgment is **GRANTED** and that all claims asserted by Brown against BP are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, July 9, 2019.

                                          **LANCE M. AFRICK**
                                   **UNITED STATES DISTRICT JUDGE**

---

but this report contains no information regarding causation for Brown's mental health condition. *See* R. Doc. No. 27-3.